IN THE UNITED STATES DISTRICT COURT
**FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **REBECCA HUNT, and** | )<br>) |
| **SUSAN A. NURNBERG,** | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 99-4158-CV-C-5 |
| **STATE OF MISSOURI**<br>**DEPARTMENT OF CORRECTIONS,**<br>**SERVE: Dora Schriro, Director**<br>**2729 Plaza Drive**<br>**P.O. Box 236**<br>**Jefferson City, MO 65102**<br>and<br>**FAVORITE NURSES, INC.,**<br>**SERVE: Registered Agent**<br>**Gerhard J. Kuti**<br>**801 W. 47th, Suite 419**<br>**Kansas City, MO 64112**<br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) ECF |

## COMPLAINT

Plaintiffs Rebecca Hunt and Susan A. Nurnberg, for their causes of action against defendants State of Missouri and Favorite Nurses, Inc., state and allege as follows:

1. Plaintiff Rebecca Hunt is an individual and a resident of Jefferson City, Cole County, Missouri.

2. Plaintiff Susan A. Nurnberg is an individual and a resident of Jefferson City, Cole County, Missouri.

3. Defendant State of Missouri Department of Corrections is a state agency who may be served through Dora Schriro, the Director of the Department of Corrections at the above

address.

4. Defendant Favorite Nurses, Inc., is a corporation duly organized and existing under the laws of the state of Kansas, authorized to do business as a foreign corporation in good standing in the state of Missouri, and transacting business in the State of Missouri, who can be served through its registered agent at the above address.

5. At all times relevant to this action, both defendants have employed fifteen or more employees and both defendants are therefore employers as defined in 42 *U.S.C. § 2000e(b)* and *R.S.Mo. §* 213.010.

6. This case arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. *§ 2000e*, *et seq.* (Title VII), and the Missouri Human Rights Act, *R.S.Mo. §* 213.010, *et seq.* (MHRA), making jurisdiction appropriate in this court. Plaintiffs were subjected to a sexually hostile work environment in violation of 42 U.S. C. *§ 2000e-2(a)(1)* and *R.S.Mo. §* 213.055 and unlawful retaliation in violation of 42 U.S. *C. § 2000e-3(a)* and *R.S.Mo. §* 213.070.

7. Plaintiffs were employed in this judicial district, the alleged unlawful employment actions occurred in this district, and the relevant employment records are located in this district, making venue proper in this court pursuant to 42 *U.S.C. § 2000e-5*.

8. Plaintiff Hunt filed a charge of discrimination with the Missouri Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC) within 180 days of the unlawful employment practices complained of herein such that this action is timely and properly filed pursuant to 42 U.S.C. *§ 2000e-5(e)(1)*.

9. Plaintiff Nurnberg filed a charge of discrimination with the Missouri Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC) within 180 days of the unlawful employment practices complained of herein such that this action

is timely and properly filed pursuant to 42 *U.S.C. § 2000e-5(e)(1)*.

10. Plaintiff Hunt received Notices of Right to Sue from both the Missouri Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC) and this action is timely filed within 90 days from the receipt of those Notices pursuant *to* 42 *U.S.C. § 2000e-5(f)(1)*.

11. Plaintiff Nurnberg received Notices of Right to Sue from both the Missouri Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC) and this action is timely filed within 90 days from the receipt of those Notices pursuant to 42 *U.S.C. § 2000e-5(f)(1)*.

COUNT I — HUNT V. STATE OF MISSOURI — TITLE VII SEXUAL HARASSMENT

12. Plaintiff Hunt incorporates by reference, as fully set forth herein, paragraphs 1 through 11 of this Complaint.

13. Plaintiff Hunt was employed by defendant Favorite Nurses as a Registered Nurse and was assigned to work for the State of Missouri Department of Corrections in the Jefferson City Correctional Center pursuant to a contract between Favorite Nurses and the State of Missouri Department of Corrections. She was assigned to create and implement an Employee Health Program, along with plaintiff Nurnberg. The worksite was controlled by the State of Missouri Department of Corrections.

14. Plaintiff Hunt worked for defendants from December 8, 1997, through June 30, 1998. During that time period, she performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employers.

15. Rodney Perry and Mitchell Seaman, Fire and Safety employees of the State of Missouri Department of Corrections, were assigned to work with plaintiffs. From the first day of

3

work, Perry and Seaman engaged in a pattern of behavior that created a sexually hostile work environment. This included, but is not limited to, making inappropriate comments of a sexual nature, making inappropriate comments about Ms. Hunt's body, leering at Ms. Hunt's chest, following Ms. Hunt and Ms. Nurnberg around work, monitoring where they were in the workplace, controlling their schedules, and other inappropriate behavior.

16. Plaintiffs complained to Julie Ives, their supervisor at the Department of Corrections, that they were being sexually harassed. Ms. Ives responded that she found Mr. Perry very attractive and failed to take any action to stop the harassment. Additionally, during a meeting the week of April 1, 1998, plaintiffs reported the harassment described herein to supervisory employees of defendant State of Missouri Department of Corrections including superintendent Dave Dormire, Major James Eberle, and Jerry Curtit.

17. Plaintiffs also reported these incidents of sexual harassment and hostile work environment to Alma McKinney, Director of Human Resources of the State of Missouri Department of Corrections.

18. But for plaintiff Hunt's gender she would not have been subjected to the sexual harassment described herein.

19. The sexual harassment described in this Complaint was pervasive and unwelcome, and affected terms, conditions, and privileges of plaintiffs employment and constituted an unreasonable interference with plaintiffs work performance.

20. Defendant had actual knowledge of this harassment or should have had knowledge of such conduct, but failed to take appropriate remedial action.

21. As a result of defendant's sexually hostile work environment, and the failure of defendant to take prompt remedial action that was calculated to stop the harassment, the work

4

environment was intolerable. Plaintiff Hunt was constructively discharged on June 30, 1998.

22. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Missouri Department of Corrections as follows:

a. For an award of back pay;

b. For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

c. For reinstatement or front pay for a reasonable time in lien thereof;

d. For an award of reasonable attorney's fees; and

e. For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

COUNT II -- HUNT V. STATE OF MISSOURI -- TITLE VII RETALIATION

23. Plaintiff Hunt incorporates by reference, as fully set forth herein, paragraphs 1 through 22 of this Complaint.

24. Plaintiff Hunt opposed discriminatory practices under Title VII and therefore engaged in protected activity under 42 U.S. C. *§ 2000e-3*.

25. After plaintiff Hunt and Nurnberg's complaints of sexual harassment in the workplace, defendant not only failed to take prompt remedial action, but began taking retaliatory actions against plaintiffs, including, but not limited to, the following:

· superintendent Dave Dormire circulated a petition among the employees of the

5

Department of Corrections claiming that plaintiffs were not doing their jobs correctly and were not where they were supposed to be when they were supposed to be there (the petition was later withdrawn and destroyed when an investigator for the State told Dave Dot-mire that it was an illegal act of retaliation)

· plaintiff Hunt began receiving hang up calls at her house and was followed home from work one night

· plaintiffs were refused equipment repairs and supplies and their time cards were delayed in processing so as to interfere with them being timely paid.

26. As a result of defendant's retaliation, the work environment was intolerable. Plaintiff Hunt was constructively discharged on June 30, 1998.

27. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

**WHEREFORE,** plaintiff prays for judgment against defendant Missouri Department of Corrections as follows:

a. For an award of back pay;

b. For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

c. For reinstatement or front pay for a reasonable time in lieu thereof;

d. For an award of reasonable attorney's fees; and

e. For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

## COUNT III — HUNT V. STATE OF MISSOURI — MHRA SEXUAL HARASSMENT

28.  Plaintiff Hunt incorporates by reference, as fully set forth herein, paragraphs 1 through 27 of this Complaint.

29.  The sexual harassment described in this Complaint was pervasive, unwelcome, and affected a term, condition, and privilege of plaintiffs employment and constituted an unreasonable interference with plaintiffs work performance and was a violation of the MHRA.

30.  As a result of defendant's sexually hostile work environment, and the failure of defendant to take appropriate prompt remedial action that was calculated to stop the harassment, the work environment was intolerable. Plaintiff Hunt was constructively discharged on June 30, 1998.

31.  Defendant's conduct was outrageous due to its evil motive and reckless indifference to plaintiffs rights.

32.  As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Missouri Department of Corrections as follows:

a.  For an award of back pay;

b.  For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

c.  For reinstatement or front pay for a reasonable time in lieu thereof;

d.  For an award of punitive damages sufficient to punish defendant and deter

7

Case 2:99-cv-04158-NKL   Document 1   Filed 07/13/99   Page 7 of 20

defendant and others from similar conduct in the future;

e.  For an award of reasonable attorney's fees; and

f.  For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

COUNT IV — HUNT V. STATE OF MISSOURI — MHRA RETALIATION

33.  Plaintiff Hunt incorporates by reference, as fully set forth herein, paragraphs 1 through 32 of this Complaint.

34.  Plaintiff Hunt opposed discriminatory practices under Title VII and the MHRA and therefore engaged in protected activity under the MHRA.

35.  As a result of defendant's retaliation in violation of the MHRA, the work environment was intolerable. Plaintiff Hunt was constructively discharged on June 30, 1998.

36.  Defendant's conduct was outrageous due to its evil motive and reckless indifference to plaintiffs rights.

37.  As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Missouri Department of Corrections as follows:

a.  For an award of back pay;

b.  For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

c.  For reinstatement or front pay for a reasonable time in lieu thereof;

8

    d.    For an award of punitive damages sufficient to punish defendant and deter defendant and others from similar conduct in the future;

    e.    For an award of reasonable attorney's fees; and

    f.    For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

## COUNT V — HUNT V. FAVORITE NURSES — TITLE VII SEXUAL HARASSMENT

38. Plaintiff incorporates by reference, as fully set forth herein, paragraphs 1 through 37 of this Complaint.

39. Upon information and belief, defendant Favorite Nurses had joint control over plaintiffs' work conditions.

40. While plaintiffs were employees of defendant Favorite Nurses, they were subjected to the unlawful sexual harassment described herein in violation of Title VII.

41. Plaintiffs complained to supervisory employees of defendant Favorite Nurses but defendant failed to take effective remedial action.

42. As a result of the sexual harassment and disparate treatment described herein, the work environment was intolerable. Plaintiff Hunt was constructively discharged on June 30, 1998.

43. Defendant's conduct described herein constitutes reckless indifference to plaintiffs federally protected rights.

44. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Favorite Nurses as

follows:

   a. For an award of back pay;

   b. For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

   c. For reinstatement or front pay for a reasonable time in lieu thereof;

   d. For an award of punitive damages sufficient to punish defendant and deter defendant and others from similar conduct in the future;

   e. For an award of reasonable attorney's fees; and

   f. For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

COUNT VI — HUNT V. FAVORITE NURSES — MHRA SEXUAL HARASSMENT

   45. Plaintiff incorporates by reference, as fully set forth herein, paragraphs 1 through 44 of this Complaint.

   46. Upon information and belief, defendant Favorite Nurses had control over plaintiffs' work conditions.

   47. While plaintiffs were employees of defendant Favorite Nurses, they were subjected to the unlawful sexual harassment described herein in violation of Title VII.

   48. As a result of the sexual harassment and disparate treatment described herein, the work environment was intolerable. Plaintiff Hunt was constructively discharged on June 30, 1998.

   49. Defendant's conduct was outrageous due to its evil motive and reckless indifference to plaintiffs rights.

10

50. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Favorite Nurses as follows:

    a.    For an award of back pay;

    b.    For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

    c.    For reinstatement or front pay for a reasonable time in lieu thereof;

    d.    For an award of punitive damages sufficient to punish defendant and deter defendant and others from similar conduct in the future;

    e.    For an award of reasonable attorney's fees; and

    f.    For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

### COUNT VII — NURNBERG V. STATE OF MISSOURI — TITLE VII SEXUAL HARASSMENT

51. Plaintiff Nurnberg incorporates by reference, as fully set forth herein, paragraphs 1 through 50 of this Complaint.

52. Plaintiff Nurnberg was employed by defendant Favorite Nurses as a Registered Nurse and was assigned to work for the State of Missouri Department of Corrections in the Jefferson City Correctional Center pursuant to a contract between Favorite Nurses and the State of Missouri Department of Corrections. She was assigned to create and implement an Employee

11

Case 2:99-cv-04158-NKL   Document 1   Filed 07/13/99   Page 11 of 20

Health Program, along with plaintiff Hunt. The worksite was controlled by the State of Missouri Department of Corrections.

53. Plaintiff Nurnberg worked for defendants from December 8, 1997, through June 30, 1998. During that time period, she performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employers.

54. Rodney Perry and Mitchell Seaman, Fire and Safety employees of the State of Missouri Department of Corrections, were assigned to work with plaintiffs. From the first day of work, Perry and Seaman engaged in a pattern of behavior that created a sexually hostile work environment. This included, but is not limited to, making inappropriate comments of a sexual nature, making inappropriate comments about Ms. Hunt's body, leering at Ms. Hunt's chest, following Ms. Hunt and Ms. Nurnberg around work, monitoring where they were in the workplace, controlling their schedules, and other inappropriate behavior.

55. Plaintiffs complained to Julie Ives, their supervisor at Department of Corrections, that they were being sexually harassed. Ms. Ives responded that she found Mr. Perry very attractive and failed to take any action to stop the harassment. Additionally, during a meeting the week of April 1, 1998, plaintiffs reported the harassment described herein to supervisory employees of defendant State of Missouri Department of Corrections including superintendent Dave Dormire, Major James Eberle, and Jerry Cm-tit.

56. Plaintiffs also reported these incidents of sexual harassment and hostile work environment to Alma McKinney, Director of Human Resources of the State of Missouri Department of Corrections.

57. But for plaintiff Nurnberg's gender she would not have been subjected to the sexual harassment described herein.

12

58. The sexual harassment described in this Complaint was pervasive, unwelcome, and affected a term, condition, and privilege of plaintiffs employment and constituted an unreasonable interference with plaintiffs work performance.

59. Defendant had actual knowledge of this harassment or should have had knowledge of such conduct, but failed to take appropriate remedial action.

60. As a result of defendant's sexually hostile work environment, and the failure of defendant to take prompt remedial action that was calculated to stop the harassment, the work environment was intolerable. Plaintiff Nurnberg was constructively discharged on July 30, 1998.

61. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Missouri Department of Corrections as follows:

a. For an award of back pay;

b. For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

c. For reinstatement or front pay for a reasonable time in lien thereof;

d. For an award of reasonable attorney's fees; and

e. For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

COUNT VIII — NURNBERG V. STATE OF MISSOURI — TITLE VII RETALIATION

62. Plaintiff Nurnberg incorporates by reference, as fully set forth herein, paragraphs

1 through 61 of this Complaint.

63. Plaintiff Nurnberg opposed discriminatory practices under Title VII and therefore engaged in protected activity under 42 U.S.C. *§ 2000e-3*.

64. After plaintiff Hunt and Nurnberg's complaints of sexual harassment in the workplace, defendant not only failed to take prompt remedial action, but began taking retaliatory actions against plaintiffs, including, but not limited to, the following:

- superintendent Dave Dormire circulated a petition among the employees of the Department of Corrections claiming that plaintiffs were not doing their jobs correctly and were not where they were supposed to be when they were supposed to be there (the petition was later withdrawn and destroyed when an investigator for the State told Dave Dormire that it was an illegal act of retaliation)
- plaintiffs were refused equipment repairs and supplies and their time cards were delayed in processing so as to interfere with them being timely paid

65. As a result of defendant's retaliation, the work environment was intolerable. Plaintiff Nurnberg was constructively discharged on July 30, 1998.

66. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Missouri Department of Corrections as follows:

a. For an award of back pay;

b. For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed

14

reasonable by the Court;

c. For reinstatement or front pay for a reasonable time in lien thereof;

d. For an award of reasonable attorney's fees; and

e. For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

## COUNT IX — NURNBERG V. STATE OF MISSOURI — MHRA SEXUAL HARASSMENT

67. Plaintiff Nurnberg incorporates by reference, as fully set forth herein, paragraphs 1 through 66 of this Complaint.

68. The sexual harassment described in this Complaint was pervasive, unwelcome, and affected a term, condition, and privilege of plaintiffs employment and constituted an unreasonable interference with plaintiffs work performance and was a violation of the MHRA.

69. As a result of defendant's sexually hostile work environment, and the failure of defendant to take appropriate prompt remedial action that was calculated to stop the harassment, the work environment was intolerable. Plaintiff Nurnberg was constructively discharged on July 30, 1998.

70. Defendant's conduct was outrageous due to its evil motive and reckless indifference to plaintiffs rights.

71. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Missouri Department of Corrections as follows:

15

a. For an award of back pay;

b. For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

c. For reinstatement or front pay for a reasonable time in lieu thereof;

d. For an award of punitive damages sufficient to punish defendant and deter defendant and others from similar conduct in the future;

e. For an award of reasonable attorney's fees; and

f. For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

## COUNT X — NURNBERG V. STATE OF MISSOURI — MHRA RETALIATION

72. Plaintiff Nurnberg incorporates by reference, as fully set forth herein, paragraphs 1 through 71 of this Complaint.

73. Plaintiff Nurnberg opposed discriminatory practices under Title VII and the MHRA and therefore engaged in protected activity under the MHRA.

74. As a result of defendant's retaliation in violation of the MHRA, the work environment was intolerable. Plaintiff Nurnberg was constructively discharged on July 30, 1998.

75. Defendant's conduct was outrageous due to its evil motive and reckless indifference to plaintiffs rights.

76. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Missouri Department of

16

Case 2:99-cv-04158-NKL   Document 1   Filed 07/13/99   Page 16 of 20

Corrections as follows:

    a.    For an award of back pay;

    b.    For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

    c.    For reinstatement or front pay for a reasonable time in lieu thereof;

    d.    For an award of punitive damages sufficient to punish defendant and deter defendant and others from similar conduct in the future;

    e.    For an award of reasonable attorney's fees; and

    f.    For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

### COUNT XI -- NURNBERG V. FAVORITE NURSES -- TITLE VII SEXUAL HARASSMENT

77.    Plaintiff incorporates by reference, as fully set forth herein, paragraphs 1 through 76 of this Complaint.

78.    Upon information and belief, defendant Favorite Nurses had joint control over plaintiffs' work conditions.

79.    While plaintiffs were employees of defendant Favorite Nurses, they were subjected to the unlawful sexual harassment described herein in violation of Title VII.

80.    Plaintiffs complained to supervisory employees of defendant Favorite Nurses but defendant failed to take effective remedial action.

81.    As a result of the sexual harassment and disparate treatment described herein, the work environment was intolerable. Plaintiff Nurnberg was constructively discharged on July 30,

17

Case 2:99-cv-04158-NKL   Document 1   Filed 07/13/99   Page 17 of 20

1998.

82. Defendant's conduct described herein constitutes reckless indifference to plaintiffs federally protected rights.

83. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff prays for judgment against defendant Favorite Nurses as follows:

a. For an award of back pay;

b. For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

c. For reinstatement or front pay for a reasonable time in lieu thereof;

d. For an award of punitive damages sufficient to punish defendant and deter defendant and others from similar conduct in the future;

e. For an award of reasonable attorney's fees; and

f. For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

## COUNT XII — NURNBERG V. FAVORITE NURSES — MHRA SEXUAL HARASSMENT

84. Plaintiff incorporates by reference, as fully set forth herein, paragraphs 1 through 83 of this Complaint.

85. Upon information and belief, defendant Favorite Nurses had control over

18

plaintiffs' work conditions.

86. While plaintiffs were employees of defendant Favorite Nurses, they were subjected to the unlawful sexual harassment described herein in violation of Title VII

87. As a result of the sexual harassment and disparate treatment described herein, the work environment was intolerable. Plaintiff Nurnberg was constructively discharged on July 30, 1998.

88. Defendant's conduct was outrageous due to its evil motive and reckless indifference to plaintiffs rights.

89. As a direct and proximate result of the unlawful practices of defendant, plaintiff has sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

**WHEREFORE,** plaintiff prays for judgment against defendant Favorite Nurses as follows:

a. For an award of back pay;

b. For compensatory damages for plaintiffs emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in an amount deemed reasonable by the Court;

c. For reinstatement or front pay for a reasonable time in lieu thereof;

d. For an award of punitive damages sufficient to punish defendant and deter defendant and others from similar conduct in the future;

e. For an award of reasonable attorney's fees; and

f. For the Court's order prohibiting defendant from engaging in the conduct described in this Petition.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable by a jury.

**THE MEYERS LAW FIRM**

/s/ Martin M. Meyers

Martin M. Meyers    MO #29524
Stephen C. Thornberry    MO# 44354
2850 City Center Square
1100 Main Street
Kansas City, Missouri 64105
Telephone: (8 16) 42 l-4040
Fax: (816) 421-4020
ATTORNEYS FOR PLAINTIFF

20