IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| REBECCA HUNT, et al. | ) | APPEAL NO. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 99-4158-CV-C-5 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| DEPARTMENT OF CORRECTIONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEAL TO A COURT OF APPEALS
## FROM A JUDGMENT OR ORDER OF A DISTRICT COURT

Notice is hereby given that defendant State of Missouri, Department of Corrections, through its attorneys of record Sara L. Trower and Virginia H. Murray, Assistant Attorneys General, hereby appeal to the United States Court of Appeals for the Eighth Circuit from the commencement of trial by the Honorable Nanette Laughrey, district court judge, after refusing to rule on September 11, 2000, the Defendant's Motion for Judgment on the Pleadings, asserting the defendant's Eleventh Amendment immunity. On September 11, 2000, the District Court also refused to stay the trial until the motion could be ruled. Instead of ruling defendant's motion, the District Court has given plaintiffs until Monday, September 18, 2000, a week after the trial has commenced, to respond. *See* District Court's September 5, 2000 Minute Sheet attached hereto as Exhibit A.

The District Court's refusal to rule the issue of the defendant's Eleventh Amendment immunity until after the trial has commenced deprives the defendant of its right to a pretrial ruling on that issue and thus, effectively, constitutes a denial to their claim of immunity. "Denials of States' and state entities' claims to Eleventh Amendment immunity purport to be conclusive determinations that they have no right not to be sued in federal court. Moreover, a motion by a State or its agents to dismiss on Eleventh Amendment grounds involves a claim to a fundamental constitutional protection, (citation omitted) whose resolution generally will have no bearing on the merits of the underlying action." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 140, 145, 113 S.Ct. 684, 688 (1993). Accordingly, States and state entities may take advantage of the collateral order doctrine to appeal a district order denying a claim of Eleventh Amendment immunity. *Id.* 506 U.S. at 147, 113 S.Ct. at 689.

The District Court's action in refusing to rule until after the commencement of trial the Defendant's Motion for Judgment on the Pleadings based on Eleventh Amendment immunity is analogous to that of other court's that have attempted to delay ruling the assertion of qualified immunity and the District Court's action does not preclude the defendant from its right to an immediate appeal prior to trial. *See, Parton v. Ashcroft*, 16 F3d. 226, 228 (8th Cir. 1994) (Magistrate judge's refusal to rule on motion for summary judgment on ground of qualified immunity is immediately appealable.); *See also, Craft v. Wipf*, 810 F.2d 170, 173 (8th Cir. 1987).

Defendant also appeals the August 30, 2000, Order and Memorandum of the District Court denying the Defendant's Motion for Summary Judgment asserting that the Court lacked jurisdiction under Title VII because plaintiffs were independent contractors and not the State's employees. *See* attached Exhibit B.

>Respectfully submitted,
>
>JEREMIAH W. (JAY) NIXON
>Attorney General
>
>
>SARA L. TROWER
>Assistant Attorney General
>Mo. Bar Enrollment No. 34732
>
>VIRGINIA HURTUBISE MURRAY
>Assistant Attorney General
>Mo. Bar Enrollment No. 48770
>
>6th Floor, Broadway Building
>P.O. Box 899
>Jefferson City, MO 65102
>Phone No. (573) 751-8764
>Fax No. (573) 751-9456
>
>ATTORNEYS FOR DEPARTMENT OF CORRECTIONS DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, or hand delivered, and electronically served, this _____ day of September, 2000, to:

>Martin M. Meyers
>Stephen C. Thornberry
>2850 City Center Square
>1100 Main Street
>Kansas City, MO 64105

_____
Assistant Attorney General

trowes\hunt\notice.app