IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| REBECCA HUNT, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 99-4158-CV-C-5 |
| ) | |
| STATE OF MISSOURI, ) | |
| DEPARTMENT OF CORRECTIONS, et al. ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO SHOW CAUSE WHY COUNSEL SHOULD
<u>NOT BE SANCTIONED</u>**

Sara L. Trower, Assistant Attorney General, per the court's order of September 14, 2000, directing her to show cause why she should not be sanctioned for violating the court's order regarding Rebecca Hunt's conviction states:

**I. Background**

This matter arises out of the court's ruling on the issue of Rebecca Hunt's conviction for forgery. Plaintiff Hunt had not told her counsel about her forgery conviction. Plaintiff Hunt's counsel became aware of the conviction when he reviewed the court's copy of the defendant's exhibit list which included an entry for the conviction. Plaintiff Hunt's counsel then approached the court advising it that he would elicit the fact of the conviction in his direct examination of his client. Hunt's counsel then asked the court to limit the scope of the examination concerning the conviction. In granting plaintiff's request, the court stated:

. . . I will permit evidence of the conviction. I will not permit underlying facts that led up to the conviction. . . . However, if the witness should open the door by denying prior convictions or on cross-examination attempts to explain away the effect of the conviction or to minimize guilt, then underlying facts would be admissible, but not otherwise. U.S. v. Amahia, 825 F.2d 177 (8th Cir. 1987). . . . Only the prior conviction, **its general nature** and punishment of, felony range are fair game for testing of accused's credibility. However, the witness may open the door to examination of the underlying facts of the prior conviction. (*See* Exhibit A attached, Partial Transcript at pp. 011/021.) (Emphasis added).

. . . .

. . . You can get out that she's been convicted and **whatever else I read to you**, and those are the only things that we're going to permit unless, you know, something happens here that changes that because she says something that means, oh, I really didn't mean what I said when I entered that plea, and it really was all just a great big mistake. *Id.* at pp. 013/021. (Emphasis added.)
. . . .

Anything to do with that guilty plea, that's in that guilty plea. If you have trouble setting boundaries, anything in that guilty plea don't ask about, except the things I just specifically just listed for you in that case. Okay? *Id.* at pp. 014/021.

Plaintiff Hunt's counsel elicited her conviction on his direct examination of Ms. Hunt. On cross examination, attorney Trower asked, "Isn't it true – has there ever been an instance where you have lied in order to obtain money." *Id.* at 017/021. Ms. Hunt's attorney objected and the court ruled the question improper. It is that question which gave rise to the court's show cause order.

-2-

## II. Reasons why Counsel should not be Sanctioned

As a preliminary matter, counsel states that throughout the pendency of this case she has tried to fulfill her professional obligation acting as an advocate for her client. At no time did counsel ever intend to show disrespect or contempt for the court or its orders.

Forgery is a crime which can be committed by any number of different acts. Section 570.090, RSMo, provides that:

> A person commits the crime of forgery if, with the purpose to defraud, he
>
> (1) Makes, completes, alters or authenticates any writing so that it purports to have been made by another or at another time or place or in a numbered sequence other than was in fact the case or with different terms or by authority of one who did not give such authority; or
>
> (2) Erases, obliterates or destroys any writing; or
>
> (3) Makes or alters anything other than a writing, so that it purports to have a genuineness, antiquity, rarity, ownership or authorship which it does not possess; or
>
> (4) Uses as genuine, or possesses for the purpose of using as genuine, or transfers with the knowledge or belief that it will be used as genuine, any writing or other thing which the actor knows has been made or altered in the manner described in this section.

The crime's title of "forgery," in and of itself, reveals nothing as to the kind or nature of the conduct which was the basis for the actual conviction of Ms. Hunt. The jury's confusion in this case as to what, if any, significance they should have attached to the conviction was evidenced by the question that they sent out in their deliberations asking for a definition of forgery.

-3-

The question asked by Ms. Trower was not an attempt to circumvent the court's order and did not attempt to get into the underlying facts and circumstances of the crime. Instead, it simply attempted to make clear that Ms. Hunt's forgery conviction dealt with her lying for money. As such, the question was an attempt to clarify to the jury what forgery, in the general sense, was. The question was another way of asking if Hunt had been convicted of forgery. The question did not attempt to elicit the underlying facts of what happened; it was a question capable of a yes or no answer.

Further, Ms. Trower had another independent basis for making inquiry as to whether plaintiff Hunt ever lied for money. In the course of investigating Ms. Hunt's background, Ms. Trower obtained information indicating that one of Ms. Hunt's ex-husbands Kenneth Henley believed that Ms. Hunt had submitted a false insurance claim alleging that a ladder and bikes which they never owned had been stolen.

Credibility was of paramount importance in this case and plaintiffs had affirmatively stated to the jury that they had a good reputation in the community. The Eighth Circuit has stated that "counsel should be given wide latitude in cross-examination." *United States v. Pfeiffer*, 539 F.2d 668, 671 (8th Cir. 1976). "Cross-examination may embrace any matter germane to direct examination, qualifying or destroying it, or tending to elucidate, modify, explain, contradict, or rebut testimony given by the witness." *Roberts v. Hollocher*, 664 F.2d 200, 203 (8th Cir. 1981).

The question posed by Ms. Trower, as discussed above, was not intended to violate the court's evidentiary ruling as it did not seek to introduce the underlying facts of the conviction. Counsel understood the question to go to the "general nature" of the crime, which counsel thought to be a proper area of inquiry. Moreover, the question was germane to plaintiff Hunt's direct testimony that she had been convicted of forgery as it sought to elucidate or explain to the jury the general nature of the forgery in this instance. Ms. Trower's question was not intended to, and did not on its face, evidence a contempt for, or disregard of, the court's evidentiary ruling. Accordingly, Ms. Trower should not be sanctioned.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

/s/Sara L. Trower

SARA L. TROWER
Assistant Attorney General
Mo. Bar Enrollment No. 34732

6th Floor, Broadway Building
P.O. Box 899
Jefferson City, MO 65102
Phone No. (573) 751-8764
Fax No. (573) 751-9456

ATTORNEYS FOR DEPARTMENT OF CORRECTIONS DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, or hand delivered, and electronically served, this  28th  day of September, 2000, to:

>Martin M. Meyers
>Stephen C. Thornberry
>2850 City Center Square
>1100 Main Street
>Kansas City, MO 64105

/s/Sara L. Trower<br>Assistant Attorney General

trowes\hunt\showcause